Filed 7/27/22  P. v. J.U. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>J.U.,<br><br>    Defendant and Appellant. | 2d Crim. No. B314869<br>(Super. Ct. No. 18JV00214)<br>(Santa Barbara County) |

Minor J.U. appeals a juvenile court order requiring her to pay $3,200 restitution to the California Victim Compensation Board (Board) for unskilled in-home services for care of the victim of her criminal offenses.  We conclude that substantial evidence supports the restitution order and affirm.  (Welf. & Inst. Code, §§ 602, 202, subd. (f)[1]; Cal. Code Regs., tit. 2, § 649.23 [Reimbursement of Medical-Related Services].)

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise stated.

*FACTUAL AND PROCEDURAL HISTORY*

In February 2019, the Santa Barbara District Attorney filed a petition and later an amended petition charging J.U. with forcible sex crimes, assault likely to produce great bodily injury with a great bodily injury allegation, criminal threats, and sexual battery, among other crimes. (§ 602.) On June 20, 2019, J.U. admitted the assault and great bodily injury allegation, and felony false imprisonment crimes. (Pen. Code, §§ 245, subd. (a)(4), 12022.7, subd. (a), 236.) On the prosecutor's motion, the juvenile court dismissed the remaining charges in the interests of justice. At the later disposition hearing, the court ordered J.U. placed on probation with electronic monitoring.

As the factual basis for her crimes, J.U. admitted repeatedly striking her former friend C.J. in the face as C.J. stood at a public bus stop. C.J. required hospitalization and two surgeries to repair a nasal fracture.

On April 4, 2021, J.U. sought to terminate wardship pursuant to section 785. The juvenile court stated that it would terminate wardship following resolution of restitution. At a later restitution hearing, J.U. disputed the $3,200 payment by the Board to C.J.'s mother (Mother). J.U. did not dispute payment, however, of $567 in mental health care benefits. J.U. asserted that the home health care payments were unsupported as necessary and that restitution should be measured by Mother's $765 in lost wages. The court rejected J.U.'s argument and ordered her to pay $3,767 ($3,200 plus $567) restitution to the Board as reimbursement for those funds paid to Mother.

J.U. appeals and contends that the restitution award of $3,200 for unskilled in-home care giving is not supported by sufficient evidence.

2

*DISCUSSION*

J.U. argues that the juvenile court abused its discretion by ordering $3,200 restitution without an adequate factual basis of need. (*Luis M. v. Superior Court* (2014) 59 Cal.4th 300, 309.) She acknowledges that the Board's payment of $3,200 to Mother is prima facie evidence supporting the award, but asserts that she established that the award lacked evidentiary support. (*In re S.E.* (2020) 46 Cal.App.5th 795, 804-805.) J.U. points out that Mother initially requested only $765 lost wages from the Board.

Section 730.6 requires a minor who becomes a section 602 ward to pay restitution to a victim who incurs economic losses as a result of the ward's conduct. (*Id.,* subd. (a)(1), (2)(B).) The juvenile court shall determine the amount of restitution. (*Id.,* subd. (h).) The losses incurred must be a proximate result of the minor's delinquent conduct to be recoverable. (*In re S.E.*, *supra*, 46 Cal.App.5th at pp. 804-805.) For restitution purposes, a "victim" may include the parents of a crime victim at the time the crime was committed. (§ 730.6, subd. (j)(4)(A).) The standard of proof at a restitution hearing is preponderance of the evidence. (*S.E.*, at p. 803.) A restitution order is subject to review pursuant to an abuse-of-discretion standard. (*Id.* at p. 804 [" 'No abuse of discretion will be found where there is a rational and factual basis for the amount of restitution ordered' "].)

The juvenile court did not abuse its discretion by ordering J.U. to reimburse the Board $3,200 for Mother's in-home services to C.J. The evidence, including all reasonable inferences therefrom, supports the restitution order. Mother completed time sheets under penalty of perjury for a two-month period for eight hours a day for in-home support services, apparently abandoning her earlier claim for lost wages. The Board awarded Mother $80

3

a day for a total of $3,200.  It is a reasonable inference from the evidence as well as common sense that C.J. required assistance with the activities of daily living due to her two nasal surgeries and mental health issues.  J.U. created C.J.'s medical problems and should not benefit because Mother holds a low-paying job that compensates her less than in-home supportive services.  Moreover, the restitution award need not be exactly tailored to the victim's losses.  (*In re Brittany L.* (2002) 99 Cal.App.4th 1381, 1391.)

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


PERREN, J.

4

Arthur A. Garcia, Judge

Superior Court County of Santa Barbara

_____

Courtney M. Selan, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews, Michael J. Wise and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.